UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUBWAY INTERNATIONAL DV, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:09-CV-1101 (JCH) |
| v. | : | |
| | : | |
| ASIF MAJID, | : | DECEMBER 15, 2009 |
|     Defendant. | : | |

**RULING RE: MOTION TO REOPEN PROCEEDINGS (Doc. No. 7)**

Plaintiff Subway International BV ("Subway"), originally filed its Complaint against defendant Asif Majid on July 13, 2009 (Doc. No. 9). On November 10, 2009, because the docket contained no evidence that Subway had served process on the defendant, this court ordered Subway to show cause as to why the case should not be dismissed for failure to prosecute (Doc. No. 4). The Order to Show Cause set a December 1, 2009 deadline for the plaintiff's response. On December 9, 2009, more than one week after the December 1 deadline had passed, the plaintiff had neither filed a response to the Order to Show Cause nor provided any evidence indicating that the defendant had been served. On that basis, this court dismissed the case for failure to prosecute (Doc. No. 5).

On December 11, 2009, two days after this court dismissed the case, the plaintiff filed a Motion to Reopen (Doc. No. 7). The Motion acknowledges that Subway's counsel missed the December 1 deadline set forth in the November 10 Order to Show Cause. While the face of the Motion is unclear as to its legal basis, the court construes the Motion as made pursuant to Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) permits the

1

court to "relieve a party or its legal representative from a final judgment" due to, inter alia, "inadvertence." Apparently seeking to satisfy this standard, the Motion to Reopen states that "[p]laintiff inadvertently missed the deadline due to an administrative error."

The Motion to Reopen is denied. Under Fed. R. Civ. P. 60(b), "[g]enerally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citations omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Indeed, "the party must make some showing of why he was justified in failing to avoid mistake or inadvertence." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2858, at 276-77 (1995). In this case, however, the Motion attributes counsel's inadvertence to "an administrative error" in a purely conclusory manner. The Motion provides no additional explanation of why Subway's counsel missed either the December 1 deadline set forth in the November 10 Order to Show Cause, or the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m). This, in the court's view, is insufficient to meet the standards articulated by the Second Circuit.

Moreover, it appears that the defendants have still not been served in this case. To date, no return of service has been filed, no appearances have been entered by defense counsel, and no response has been received to the November 10 Order to Show Cause.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of December, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge